UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAMUEL WYNN,

    Petitioner,

v.

FRED FOULK, et al.,

    Respondents.

Case No. 20-cv-00181-SI

**ORDER TO SHOW CAUSE**

Re: Dkt. No. 1

Petitioner Samuel Wynn, who is an inmate at the High Desert State Prison and who is represented by counsel, has filed this action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Dkt. No. 1. After Wynn did not file a consent or declination to proceed before a magistrate judge, the action was reassigned to the undersigned on May 18, 2020. Dkt. Nos. 6, 7. Wynn's petition is now before the Court for review pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

**BACKGROUND**

The petition provides the following information. On August 24, 2015, the Alameda County District Attorney filed a two-count information, charging Samuel Wynn and two co-defendants with kidnapping to commit a sex crime (count one, Cal. Penal Code § 209(b)(1)) and human trafficking for commercial sex (count two, Cal. Penal Code § 236.1(b)). Following a jury trial with co-defendant Lewis Wynn, on January 21, 2016, Samuel Wynn was acquitted on count one and instead convicted of the lesser crime of kidnapping (Cal. Penal Code § 207, subd. (a)) and was convicted of count two as charged. He also was found to have suffered prior convictions and prior prison terms. On August 11, 2016, Samuel Wynn was sentenced in Alameda County Superior Court to a total term of 88 years to life in prison.

Wynn appealed. On July 10, 2018, the California Court of Appeal affirmed the judgment of conviction and the California Supreme Court denied the petition for review on October 10, 2018. Petitioner then filed this action.

## DISCUSSION

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

The federal petition for writ of habeas corpus contains two claims. First, Wynn alleges that his Sixth and Fourteenth Amendment rights to the effective assistance of counsel were violated by his trial counsel's failure to object to the state's expert witness testimony. At trial, the superior court allowed expert witness testimony that Wynn describes as "improper criminal and racial profiling evidence" of the typical pimp in Oakland and to which Wynn's counsel failed to object. Dkt. No. 1 at 14. Liberally construed, this claim for violation of Wynn's federal constitutional rights is cognizable in a federal habeas action and warrants a response.

The petition also asserts a claim for violation of California law, namely, whether California Penal Code Section 654 precludes multiple punishment on both the kidnapping and human trafficking charges. Dkt. No. 1 at 36. "[I]t is only noncompliance with *federal* law that renders a State's criminal judgment susceptible to collateral attack in the federal courts." *Wilson v. Corcoran*, 562 U.S. 1, 5 (2010). The Supreme Court has repeatedly held that federal habeas writ is unavailable for violations of state law or for alleged error in the interpretation or application of state law. *See Swarthout v. Cooke*, 562 U.S. 216, 219 (2011); *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). In his petition, Wynn made a one-sentence allegation that the state law sentencing error "violates federal due process." *See* Dkt. No. 1 at 37; *see also id.* at 14 (asserting that Wynn's claim for ineffective assistance of counsel is "his sole constitutional claim" in the petition). A petitioner may

2

not "transform a state-law issue into a federal one merely by asserting a violation of due process." *Langford v. Day*, 110 F.3d 1380, 1389 (9th Cir. 1996). The claim for error under California law is dismissed because federal habeas relief is not available for state law errors.

**CONCLUSION**

For the foregoing reasons,

1. The petition states one cognizable claim for habeas relief and warrants a response. The state law claim is dismissed.

2. The clerk shall electronically serve a copy of this order upon respondent and respondent's attorney, the Attorney General of the State of California, at the following email address: SFAWTParalegals@doj.ca.gov. The petition and any exhibits thereto are available via the Electronic Case Filing (ECF) system for the Northern District of California. The clerk also shall serve by mail a copy of this order on petitioner.

3. Respondent must file and serve upon petitioner, on or before **October 2, 2020**, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued. Respondent must file with the answer a copy of all portions of the court proceedings that have been previously transcribed and that are relevant to a determination of the issues presented by the petition.

4. If Wynn wishes to respond to the answer, he must do so by filing a traverse with the court and serving it on respondent on or before **November 13, 2020**.

5. Additionally, the Court notes that the petition for writ of habeas corpus was not signed by petitioner. Wynn's counsel explained that she was "making this verification on his behalf because these matters are more within [her] knowledge than his." Dkt. No. 1 at 18. Petitioner shall file a copy of the petition, *signed by petitioner*, no later than **September 2, 2020.**

**IT IS SO ORDERED**.

Dated: July 2, 2020

SUSAN ILLSTON
United States District Judge

3