UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMUEL WYNN,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>FRED FOULK, et al.,<br><br>　　　　　Defendants. | Case No. 20-cv-00181-SI<br><br>**ORDER DENYING PETITIONER'S REQUEST FOR REMAND; ORDER FOR PETITIONER'S COUNSEL TO FILE PETITION SIGNED BY PETITIONER OR CASE WILL BE DISMISSED**<br><br>Re: Dkt. No. 10 |

Petitioner is represented in this action by counsel but filed a pro se "supplemental brief" in support of the petition for writ of habeas corpus that was filed on his behalf by counsel. Docket No. 10. In the supplemental brief, petitioner asks that his case be "remanded" to the Alameda County Superior Court so that court may determine whether to resentence him pursuant to a new law that, according to petitioner, would allow the sentencing court to strike a sentence enhancement he received.

Petitioner is not entitled to federal habeas relief on the allegations in the "supplemental brief." Federal habeas relief under 28 U.S.C. § 2254 is only available for a person in custody pursuant to the judgment of a State Court "on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." The "supplemental brief" does not allege any violation of his rights under the Constitution or laws or treaties of the United States. To the extent the "supplemental brief" purports to assert a ground for federal habeas relief, it is dismissed.

Petitioner's request in his "supplemental brief" that this court remand his case to the Alameda County Superior Court for resentencing is DENIED. This court has no authority to "remand" this case to state court because this case was not removed from state court to federal court.

1  The denial of the request is without prejudice to petitioner filing a petition or motion in the superior court seeking relief under the new law that he claims allows the court to strike a sentence enhancement he received. In other words, this court will not send his case to the superior court for resentencing but he can ask the superior court directly for resentencing.

Finally, this court has twice ordered petitioner's counsel to file a copy of the petition for writ of habeas corpus that has been personally signed by petitioner. Docket Nos. 8, 9. Counsel has twice failed to do so. **Counsel must file a petition signed by petitioner no later than January 5, 2021. Failure to file a copy of the petition signed by petitioner will result in the dismissal of this action.**

**IT IS SO ORDERED**.

Dated: December 4, 2020

_____
SUSAN ILLSTON
United States District Judge